UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel. RICHARD CORDRAY, OHIO ATTORNEY GENERAL,**

      **Plaintiff,**

  v.

**CYPRUS AMAX MINERALS COMPANY,** *et al.***,**

      **Defendants.**

**Case No. 2:10-cv-981**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## ORDER

This matter is before the Court on the Joint Motion to Dismiss Chemetall Foote Corporation as a Party in this Matter (ECF No. 10) and the Joint Motion Approval and Entry of Proposed Modification to Consent Order for Preliminary Injunction (ECF No. 11). For good cause shown, the Court **GRANTS** both motions.

### I. Background

The State of Ohio, acting as relator of the Ohio Attorney General, filed a Complaint on October 29, 2010, bringing claims against Defendants Cyprus Amax Minerals Company and Chemetall Foote Corporation for hazardous waste costs at a Jefferson County, Ohio facility known as the Satralloy Site. (Compl., ECF No. 2, ¶¶ 1–2.) At times between 1958 and 1974, chromium wastes were generated and disposed of at the Site. (*Id.* ¶¶ 10–11.) Cyprus Amax acquired title to part of the Site in 2010. (*Id.* ¶¶ 13–16.) Chemetall Foote, a former subsidiary of Cyprus Amax that was sold in 1998, is jointly and severally liable with Cyprus Amax for the hazardous substances disposed of at the Satralloy Site. (*Id.* ¶ 23.) As part of the subsidiary sale, Cyprus Amax agreed to indemnify Chemetall Foote for environmental liabilities at the Site. (*Id.* ¶ 22.)

Contemporaneously with the Complaint, the Parties filed a Consent Order for Preliminary Injunction to Conduct a Remedial Investigation and Feasibility Study and to Pay Response Costs ("COPI"). (ECF No. 3.) Under the COPI, "Cyprus Amax ha[d] agreed to undertake the primary obligations of the [COPI]." (Compl., ¶ 22.) On December 1, 2011, the Court stayed the case pending negotiation of a final consent order. (*See* ECF Nos. 7, 8.) On April 11, 2012, the Court administratively closed the case pending completion of the final remedy negotiations. (ECF No. 8.)

On March 6, 2025, the Parties jointly moved this Court to enter a Modification to the Consent Order for Preliminary Injunction to Conduct a Remedial Investigation and Feasibility Study and to Pay Response Costs ("Modified COPI"). (ECF No. 11.) The Parties request an order entering the Modified COPI to memorialize the terms of a Natural Resource Damages ("NRD") settlement reached by the Parties. (*Id.* PageID 172.) The terms of the Modified COPI include projects to resolve all NRD claims related to the Satralloy Site. (*Id.*) These projects include habitat improvements, creation of a new wetland, preservation of riparian habitat, and a $203,000 payment to the Columbus Zoo and Aquarium. (*Id.* PageID 172–73.) The Parties represent that the Ohio Environmental Protection Agency supports these projects. (*Id.* PageID 173.)

## II. Dropping Chemetall Foote Corporation as a Party

The Parties jointly move the Court to drop Defendant Chemetall Foote Corporation as a party under Rule 21 of the Federal Rules of Civil Procedure. Under Rule 21, "[o]n its motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[W]hen evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp. 3d 929, 936 (S.D. Ohio 2023) (Black, J.) (quotation and

2

citation omitted). Under that standard, "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Here the Parties state that all four factors support dropping Chemetall Foote as a party, and the Court agrees. All Parties support dropping Chemetall Foote. There was no expense in preparing for trial because the COPI was negotiated by the State and Defendants before the Complaint was filed. The Parties agree there has been no excessive delay or lack of diligence. Defendant Cyprus Amax is implementing and fulfilling the requirements of the COPI to the State's satisfaction, and all Parties agree Chemetall Foote's participation in the COPI is no longer required. There were no motions for summary judgment.

Accordingly, the Court **GRANTS** the Joint Motion to Dismiss Chemetall Foote Corporation as a Party in this Matter. (ECF No. 10.) The Court **DROPS** Chemetall Foote Corporation as a Party.

### III. Modification of Consent Order

The Parties jointly move this Court to enter the Modified COPI. (ECF No. 11, PageID 170.) The Parties provided a proposed order and a copy of the Modified COPI. (ECF No. 11-1.) Approval of a consent decree is within the informed discretion of the Court. *See United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997). In reviewing a consent decree, the Court must determine whether it is fair, adequate, reasonable, and consistent with the goals of the underlying legislation. *See id.*

After review of the Motion and the Modified COPI, the Court finds that the Modified COPI

is fair, reasonable, and consistent with the law and public interest. Accordingly, as requested by the Parties, the Court **ORDERS** the following:

1. Section XIII. Natural Resource Damages, Paragraph 66 of the COPI is hereby modified to read as follows:

"The Parties have negotiated in good faith to resolve all NRD claims related to the Site. The Parties agree to the following:

   a. Within thirty (30) days of the Effective Date of this Modification to the COPI, Defendant Cyprus Amax will submit an implementation schedule for Ohio EPA review and approval in accordance with the Review of Submittals Section of the COPI for the Work detailed in paragraphs 66.b through 66.d, below.

   b. **On-Property Improvements to Cover Crop/Plantings**. In accordance with the implementation schedule approved by Ohio EPA, Defendant Cyprus Amax shall revegetate the disturbed areas outside the footprint of the slag consolidation area using native plants and species specific to the Site geographic area that will provide habitat improvements and food resources (e.g., pollinator food crops) to benefit small ground feeding birds, small mammals, insects and bat species. Defendant Cyprus Amax will time its mowing/burning sequence that will promote seed production and habitat improvements that can be employed on the revegetated areas of the Site. Defendant Cyprus Amax shall complete and maintain, unless otherwise agreed to in writing by Ohio EPA staff, the total enhanced seeding or plantings of 93.1 acres, including the following:

      i. Enhanced woodland habitat for 32.9 acres: As part of the implementation schedule submitted pursuant to paragraph 66.a., above, Defendant Cyprus

4

        Amax shall submit a list of suitable species and will propose a suitable sapling planting rate for Ohio EPA review and approval in accordance with the Review of Submittals Section of the COPI. Species identified in Section 02930 of the project specifications, Part 2.10, include: American Elm (Ulmus americana), American sycamore (Platanus occidentialis), Black locust (Robinia pseudoacacia), Eastern cottonwood (Populus deltoides), Green ash (Fraxinus pennsylvanica), Shagbark hickory (Carya ovata), Silver maple (Acer saccharinum), Sugar maple (Acer saccharum), White oak (Quercus alba), Eastern hemlock and Ohio buckeye. This acreage will provide for bat habitat and significantly enhance natural woodland habitat at the Site.

  ii. Milkweed, native wildflower, and grass seeding mix for 60.2 acres: As part of the implementation schedule submitted pursuant to paragraph 66.a., above, Cyprus Amax shall include a list of the most suitable milkweed and wildflower species and a reasonable application rate. About 45 of these acres is currently covered by slag, and following slag removal by Cyprus Amax, these approximately 45 acres will be converted to enhanced meadow habitat. All acres will enhance songbird, small mammal, and monarch butterfly habitat. New open meadow will also benefit reptile and amphibian species.

c. **On-Property Wetland Increases or Improvements**: As part of the implementation schedule submitted pursuant to paragraph 66.a., above, Cyprus Amax shall include a schedule to create a new wetland of 1.2 acres, as follows:

5

  i. The 90% interim action design includes a 1.2-acre wetland which is not related to required mitigation and is not related to controlling or treating stormwater run-off. The wetlands seed mix shall have the following composition: Slough sedge (Carex obnupta) (35%), Small fruited bulrush (Scirpus microcarpus) (25%), Saw beaked sedge (Cares stipata) (20%), Slender rush (Juncus tenuis) (10%), and Creeping spike rush (Eleocharis palustris) (10%).

d. **On-Property Conservation/Protection of Riparian Habitat**: Cyprus Amax shall achieve conservation of riparian habitat (through one or more environmental covenants) by recording an environmental covenant, consistent with the environmental covenant template attached hereto as Attachment A, on 34.22 acres along Cross Creek which is privately owned by Cyprus Amax (see attached) within ninety (90) days of the Effective Date of this Modification. Of the 34.22 acres, approximately one (1) acre was recently disturbed by a utility company that created a utility corridor. To the extent that any portion of the disturbed utility corridor in question has not already revegetated naturally, Cyprus Amax will revegetate this area with a native grass seed mix to protect the utility corridor, consistent with utility company policy, and undertake practicable enhancements, in Cyprus Amax's discretion, to improve the habitat in the area. For example, enhancements may include bat boxes if large trees are not allowed in the corridor.

e. Cyprus Amax shall submit a Completion Report to Ohio EPA as each on-Property task is completed and no later than the date the Construction Completion Report as submitted pursuant to the Interim Action Workplan Amendment 10 dated January

6

25, 2024.

    f. **Off-Property Hellbender Project Funding**: Within forty-five (45) days of the Effective Date of this Modification, Cyprus Amax shall pay two hundred and three thousand dollars ($203,000.00) to the Columbus Zoo and Aquarium to support Gregory Lipps as principal investigator (PI) for completing the Eastern Hellbender Habitat Enhancement and Monitoring Project ("Hellbender Project") as described in Attachment B, which is incorporated by reference into this Modification. The Hellbender Project will: (1) Determine the occurrence and relative abundance of the Eastern Hellbender and assess habitat throughout the Flushing Escarpment of eastern Ohio; (2) Purchase and install 60 artificial habitat structures (e.g., Hellbender Huts) to provide artificial shelters for Hellbenders in this area; and (3) Monitor of Hellbender Huts to assess their effectiveness and population status through three years of monitoring. A Memorandum of Understanding was entered into between Cyprus Amax, The Columbus Zoo and Aquarium, Gregory Lipps, and Ohio EPA on March 5, 2025 in support of this project."

2. With the exception of the approved Modifications to the COPI, as set forth in Order number 1 herein, the COPI remains unchanged and in full force and effect.
3. Each undersigned representative of a Party to this Modification certifies that he or she is authorized to enter into this Modification and to legally bind such Party to this Modification.

## IV. Conclusion

The Court **GRANTS** the Joint Motion to Dismiss Chemetall Foote Corporation as a Party in this Matter (ECF No. 10) and **GRANTS** the Joint Motion Approval and Entry of Proposed

Modification to Consent Order for Preliminary Injunction (ECF No. 11). The Court **DROPS** Chemetall Foote Corporation as a Party and **ORDERS** the changes to the Modified COPI as described above. This Order incorporates by reference and **APPROVES** the Modified COPI included as Attachments A and B to the Parties' Joint Motion Approval and Entry of Proposed Modification to Consent Order for Preliminary Injunction. (ECF No. 11-1, PageID 180–97.)

The Clerk is **DIRECTED** to terminate Defendant Chemetall Foote Corporation as a party. This case remains closed.

**IT IS SO ORDERED.**

**4/3/2025**                                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                                **EDMUND A. SARGUS, JR.**
                                                                           **UNITED STATES DISTRICT JUDGE**